Curia, per

Evans, J.
The question which we are called upon to decide in this case is, whether the securities of an administrator are liable
to the heirs at law, for rent of land belonging to an estate of which their principal was the administrator. The duties of an administrator, as prescribed by law, seem to relate entirely to the personal estate. It is, as his bond speaks, only of the goods and chattels, rights, and credits. Generally speaking, • we are to resort entirely to the contract which creates a liability, in order to ascertain what that liability is. *Taking this as our guide, it would seem the securities do not undertake to become responsible for the acts of their principal in relation to the real estate, and consequently are not chargeable with his default in this particular. In England (he law casts the land, on the death of the owner, immediately on the heir. The administrator never meddles with it. In this country, these two descriptions of property are more united. Estates generally in the county consist of land and negroes, and they cannot, in genera), be disunited, without materially impairing the value of both ; hence, it is almost universal, that the administrator continues the farm as lie found it, and the profits arising from both the land and the personal estate come into his hands in the proceeds of the crops; sometimes he hires out the negroes and rents the land, and then the land rent is received by him in money. How far his securities *164 would be responsible for the money thus received, I believe has never been decided in this State. I do not propose either to discuss or to decide the question. It is not involved in this case. Here Dewitt was one of the heirs, and a tenant in common with the other. He was also the guardian of the other heir ;(a) his use of the land is referable to these characters, rather than to his character as administrator, and it appears from the decree in equity, that it was as guardian he was ordered to account for the land rent.(b) Under these circumstances we are of opinion the defendants are not liable for that part of the decree. The motion for a new trial is therefore granted, unless the plaintiff shall release so much of the verdict as includes the land rent which Dewitt was decreed to pay by the order of the Court of Equity.
The whole Court concurred.

 See 2 Hill, Ch., 370.

 See Supra, 91, and cases in order there. An.